**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-00964-RMR

YULIER GONZALEZ HERNANDEZ,

      Petitioner,

v.

TODD M. LYONS, Acting Director ICE,
MADISON SHEAHAN, Deputy Director ICE, and
JUAN BALTAZAR, Warden of Aurora ICE Proc. Center,

      Respondents.

---

**ORDER**

---

This matter is before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") ECF No. 1, filed March 9, 2026. Respondents filed a Response, ECF No. 12, and Petitioner filed a Reply, ECF No. 15. Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility ("Denver CDF") in Aurora, Colorado. Petitioner seeks immediate release, arguing that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his due process rights under the Fifth Amendment of the United States Constitution. For the reasons stated below, the Petition is GRANTED.

### I. Background

Petitioner is a native and citizen of Cuba. ECF No. 1 at 5; ECF No. 12-1 (Decl. of

Kurt Nissen) at 3, ¶ 4. On January 12, 2017, Petitioner applied for admission to the United States at the Hidalgo (Texas) Port of Entry. ECF No. 12-1 at 3, ¶ 5. Petitioner did not have a visa or other document authorizing his admission into the United States. *Id.* Petitioner requested asylum and was paroled into the United States. *Id.*

On October 27, 2021, Petitioner filed a Form I-485 with United States Citizenship and Immigration Services ("USCIS"), seeking to adjust his status based on eligibility under the Cuban Adjustment Act of 1966 (CAA), Pub. L. 89-732. *Id.* at ¶ 6. On or about August 8, 2023, USCIS denied Petitioner's Form I-485. *Id.* at ¶ 7. On September 23, 2024, Petitioner was convicted of a Dangerous Drugs offense and sentenced to thirty days in jail. *Id.* at ¶ 8. On February 28, 2025, Petitioner was convicted of a Careless Driving offense and sentenced to sixteen days in jail. *Id.* at ¶ 9.

On June 12, 2025, Petitioner was arrested and detained by ICE officers in Colorado Springs, Colorado. *Id.* at ¶ 10. Also on June 12, 2025, the Department of Homeland Security issued a Notice to Appear and initiated removal proceedings. *Id.* at 4, ¶ 11. On August 6, 2025, Petitioner appeared before an Immigration Judge ("IJ") and admitted the allegations and charge of inadmissibility. *Id.* at ¶ 13.

On August 20, 2025, Petitioner filed an Application for Asylum and for Withholding of Removal. *Id.* at ¶ 14. On October 14, 2025, Petitioner appeared before an IJ for an individual hearing on the merits of the application. *Id.* at ¶ 15. The IJ issued an order denying the application for asylum and ordering Petitioner removed to Cuba. *Id.* The IJ also denied Petitioner's applications for withholding of removal and protection under the

Convention Against Torture. *Id.* Both parties waived their right to appeal and the removal order became administratively final at that time. *Id.* at 5, ¶ 15.

ICE is pursuing Petitioner's removal to a third country because Cuba has refused to accept Petitioner for repatriation. *Id.* at ¶¶ 17, 18. On November 9, 2025, ICE transferred Petitioner to the Florence Service Processing Center ("Florence SPC") in Florence, Arizona, for staging and removal to Mexico. *Id.* at ¶ 19. On November 11, 2026, ICE served Petitioner with a Notice of Removal to Mexico. *Id.* at ¶ 20. Petitioner refused to sign the notice and claimed a fear of removal to Mexico. *Id.* On November 13, 2025, Petitioner was returned to the Denver CDF. *Id.* at ¶ 21.

On December 8, 2025, USCIS conducted a third country screening interview and determined Petitioner did not establish it is more likely than not that he will be persecuted or tortured in Mexico. *Id.* at ¶ 23. On December 26, 2026, ICE served Petitioner a Warning for Failure to Depart, notifying him of the consequences of taking any action to prevent or hamper his removal. *Id.* at 5-6, ¶ 24. On January 7, 2026, ICE conducted a Post Order Custody Review and determined Petitioner did not satisfy the criteria for release. *Id.* at 6, ¶ 25. On February 17, 2026, ICE again transferred Petitioner to the Florence SPC for staging and removal to Mexico. *Id.* ¶ 26. Respondents allege Petitioner refused to comply with removal to Mexico and on February 26, 2026, he was returned to the Denver CDF. *Id.* ¶¶ 27, 28.

On March 10, 2026, Respondents were ordered to show cause why the Petition should not be granted. On April 9, 2026, Respondents filed a Response to Order to Show

Cause. ECF No. 12. On April 24, 2026, Petitioner filed a *pro se* reply. ECF No. 13. On April 28, 2026, counsel for Petitioner entered an appearance and on April 29, 2026, counsel filed Petitioner's Reply in Support of Petition for Writ of Habeas Corpus. ECF No. 15.

On April 30, 2026, Respondents were ordered to file a sur-reply, and on May 4, 2026, Respondents filed a Surreply to Order to Show Cause. ECF No. 17. Respondents assert that ICE is continuing to pursue Petitioner's removal to Mexico and that Petitioner's ongoing detention is the result of his own actions. According to Respondents, Petitioner was served with another Notice of Removal to Mexico as a third country on May 1, 2026, but Petitioner refused to sign the notice. ECF No. 17-1 (Decl. of Kevin Benner) at 2, ¶ 7. Respondents also assert that the Government of Mexico will accept Petitioner for removal and ICE can remove Petitioner to Mexico if he complies with those efforts, including by signing the Notice of Removal. *Id.* at 4, ¶ 8.

## II. Legal Standards

### A. Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Habeas corpus proceedings under 28 U.S.C. § 2241 'remain available as a forum for statutory and constitutional challenges to post-removal-period detention.'" *Singh v .Choate,* No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis,* 553 U.S. 678, 688 (2001)); *see also*

*Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### B. Detention Under 8 U.S.C. § 1231

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. There is no dispute that Petitioner is subject to a final order of removal and that the statutory authority for Petitioner's detention arises from 8 U.S.C. § 1231. ECF No. 12 at 3; ECF No. 15.

When a noncitizen is ordered removed, removal should ordinally be effectuated within a period of 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). However, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that

showing." *Id.*

### III. Analysis

Petitioner claims that his detention is unlawful under *Zadvydas* and violates his due process rights. ECF No. 1 at 6; ECF No. 15. There is no dispute that Petitioner's detention under § 1231 now exceeds the presumptively reasonable six-month period to effect his removal established by the Supreme Court in *Zadvydas.* ECF No. 12 at 7 ("In this case, Petitioner's order of removal became administratively final on October 14, 2025, . . . and Petitioner's post-final-order detention will therefore surpass six months on Tuesday, April 14, 2026."); ECF No. 15 at 5 ("The six-month presumptively reasonable period established by *Zadvydas* expired on April 12, 2026.").

Because Petitioner's s detention has extended beyond the six-month period during which it was presumptively reasonable under *Zadvydas*, he bears the initial burden of showing a "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court finds that Petitioner has met his initial burden because it is undisputed that Cuba refuses to accept Petitioner for repatriation, ICE's efforts to remove Petitioner to Mexico as a third country have so far been unsuccessful, and Respondents have not identified any other country that has agreed to accept Petitioner. *See Castellano v. U.S. Dep't of Homeland Security*, Civil Action No. 26-cv-00080-PAB, 2026 WL 472732, at *3-4 (D. Colo. Feb. 19, 2026) (petitioner satisfies initial burden when he could not be removed to his native country (Cuba), two attempts to remove him to a third country (Mexico) were unsuccessful, and

the only progress in removing him was to "nominate" him for removal to Mexico); *Aguilar v. Noem*, Case No. 25-cv-03463-NYW, 2025 WL 3514282, at *5 (D. Colo. Dec. 8, 2025) (petitioner's initial burden satisfied when he "has been granted withholding of removal to his only country of citizenship and there are no other countries currently identified that would accept him"); *Salazar-Martinez v. Lyons*, No. 2:25-cv-00961-KG-KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025) (petitioner's initial burden satisfied when she could not be removed to native country and ICE failed to identify a country that has agreed to accept her).

The fact that Petitioner exercised his rights in asserting a fear of being removed to Mexico in November 2025 does not undermine the conclusion that Petitioner has met his initial burden. *See Castellano*, 2026 WL 472732, at *3 (rejecting an argument that raising a fear of persecution means a petitioner's allegations are insufficient to meet his initial burden under *Zadvydas*). Respondents' vague and conclusory allegation that "Petitioner refused to comply with removal to Mexico" in February 2026 also does not undermine the conclusion that Petitioner has met his initial burden.

With respect to the latest attempt to remove Petitioner to Mexico, Respondents have submitted a copy of a Notice of Removal that includes a Certificate of Service dated May 1, 2026. ECF No. 17-1 at 9. That Notice of Removal includes Petitioner's name on the top of the form, but it is not clear the Notice of Removal was served on Petitioner. Instead, the Certificate of Service indicates the notice was read to "Hernandez-Montez, Anthony Jonathan in the Spanish language." *Id.* And, even assuming the inclusion of the

7

name of a different alien is merely a typographical error, the Notice of Removal indicates only that ICE "intends to remove you to Mexico." *Id.* The Notice of Removal does not establish a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Because Petitioner meets his initial burden, the burden shifts to Respondents to submit evidence sufficient to rebut that showing. *Id.* Respondents attempt to meet their burden by submitting a Declaration from Deportation Office Kurt Nissen declaring that "ICE continues to pursue Petitioner's removal to Mexico as a third country," "[i]n recent months ICE has successfully removed Cuban citizens to Mexico," and "Petitioner is a priority for removal and remains detained pending removal to a third country." ECF No. 12-1 at 6, ¶¶ 29-31. Respondents also have submitted a Declaration of Kevin Benner declaring that "ICE continues to pursue Petitioner's removal to Mexico as a third country" and that "[t]he government of Mexico will accept Petitioner for removal and ICE can remove Petitioner to Mexico, but Petitioner must comply with ICE's efforts, including by signing the Notice of Removal." ECF No. 17-1 at 3-4, ¶ 8. And, as noted above, Respondents have submitted a copy of a Notice of Removal that Petitioner allegedly refused to sign on May 1, 2026, that provides "ICE intends to remove you to Mexico." *Id.* at 9. The Court is not persuaded that Respondents have met their burden.

The Supreme Court has rejected the proposition that continued detention is lawful "as long as good faith efforts to effectuate . . . deportation continue." *Zadvydas*, 533 U.S. at 702. Thus, Respondents' "bare assertions that ICE is pursuing third country removal

options are insufficient to meet Respondents' burden to put forth evidence sufficient to rebut Petitioner's showing." *Aguilar*, 2025 WL 3514282, at *6 (internal quotation and alteration omitted).

Respondents have not offered any evidence that the Government of Mexico actually has agreed to accept Petitioner. And "the fact that ICE has successfully executed removals of Cubans to Mexico does not show that petitioner's removal is significantly likely in the reasonably foreseeable future." *Castellano*, 2026 WL 472732, at *4. As was the case in *Castellano*, "Respondents do not explain why they believe petitioner is similarly situated to other Cubans who have been removed to Mexico and thus provide no basis to believe that petitioner's removal is likely." *Id.*

## IV. Conclusion

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents shall release Petitioner from custody **IMMEDIATELY**, but no later than within **24 HOURS** of this Order and may impose reasonable conditions of release or supervision;

3. Respondents shall file a status report within **48 HOURS** of this Order to certify compliance; and

9

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED: May 26, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge